# ORIGINAL

# In the United States Court of Federal Claims

No. 15-608C
(Filed:  July 10, 2015)

FILED

JUL 1 0 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| CHELSEA L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Rule 12(h)(3); Lack of Subject- |
| v. | ) | Matter Jurisdiction; Rule 12(b)(1); |
| | ) | Subject-Matter Jurisdiction; 28 U.S.C. § |
| THE UNITED STATES, | ) | 1500. |
| | ) | |
| Defendant. | ) | |
| | ) | |

Chelsea L. Davis, Dallas, Texas, Plaintiff *pro se*.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

*Pro se* plaintiff, Chelsea L. Davis, brought this action seeking monetary damages and equitable relief in connection with a challenge to the suspension of her law license in the State of Texas.   For the reasons set forth below, the Court must **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is an attorney who has practiced law in the State of Texas. *See generally*, Complaint.   On May 13, 2015, the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas entered a Judgement of Indefinite Disability Suspension, suspending plaintiff's law license. *See In the Matter of Chelsea L. Davis,* Case No. 54202, (May 13, 2015) (Board of Disciplinary Appeals, Judgment of Indefinite Disability Suspension).   Subsequently, on June 15, 2015, plaintiff filed this action, asserting claims against "the State of Texas, the State Bar of

---

[1]  Unless otherwise noted herein, the facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __").

Texas, the Supreme Court of Texas, Board of Disciplinary Appeals and Commission for Lawyers Discipline," challenging the suspension of her law license. Compl. at 1.

Plaintiff's complaint is difficult to follow. But, the complaint appears to seek monetary damages and other relief from the State Bar of Texas stemming from the suspension of plaintiff's law license. Compl. at 12-14. In particular, plaintiff requests "an order compelling the State Bar of Texas and United States Patent and Trademark Office ["USPTO"] to prosecute me in a state and a United States district court for suspension, disbarment, disciplinary or other action, compel it to answer me in district court for disciplinary action, . . . or else remove me from the list of attorneys licensed to practice law in Texas and/or before the USPTO."[2] Compl. at 10. Plaintiff also seeks monetary damages in excess of $10,000 for "injuries to my business," "damages for personal injuries in excess of $10, 000," as well as attorney's fees and other costs. Compl. at 16-17.

On April 29, 2015, plaintiff filed a civil action in the United States District Court for the District of Delaware against her former employer, the State Bar of Texas, and numerous other individuals and entities alleging, among other things, sexual harassment, human trafficking, and employment discrimination. *See generally* Complaint filed in *Chelsea L. Davis v. McKool Smith P.C., et al.*, No. 15-00341-SLR (D. Del.). In that case, plaintiff also seeks to enjoin the State Bar of Texas from initiating or proceeding with any disciplinary or disability matter against her. *Id* at 15. In this regard, plaintiff's district court complaint states that: "I seek to keep my law licenses in active status and in good standing, and, most importantly, I seek to prevent the State Bar of Texas from having me arrested again without a valid warrant and without probable cause, from destroying my evidence, including my medical records, and from conditioning my ability to keep my law license on my speech about the corruption in the State Bar that I have witnessed. . . " *Id*. at 4.

---

[2] It is not clear what claims, if any, plaintiff asserts against the USPTO. Nonetheless, plaintiff represents that she is a patent attorney in good standing with the USPTO. *See* Complaint filed in *Chelsea L. Davis v. McKool Smith P.C., et al*, No. 15-01907-N-BK at 3. Plaintiff also states in the complaint that she is alleging a constitutional challenge to the "Manual of Patent Examining Procedure" and to the United States Court of Appeals for the Federal Circuit's rule regarding *pro se* representation. Compl. at 19.

On June 2, 2015, the United States District Court for the District of Delaware transferred plaintiff's case to the United States District Court for the Northern District of Texas. *See Chelsea L. Davis v. McKool Smith P.C., et al,* No. 15-01907-N-BK (Transfer Order dated June 2, 2015). Plaintiff's case in the Northern District of Texas was pending at the time that she commenced this action on June 15, 2015. *Id.*

## III.    LEGAL STANDARDS

### A.    *Pro Se* Litigants

The Court recognizes that plaintiff filed this action *pro se*, without the benefit of counsel, and so she is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, such plaintiffs are entitled to a liberal construction of their pleadings. *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "'is no duty for the trial court to create a claim which [plaintiff] has not spelled out in his or her pleading.'" *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (citations omitted). Although "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. " *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citations omitted). And so, while the Court may excuse ambiguities in the plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citations omitted).

### B.    Jurisdiction

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citations omitted). "[A] court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc., v. OEA Inc.*, 269

3

F.3d 1340, 1342 (Fed. Cir. 2001) (citations omitted).  Under the Rules of the United States Court
of Federal Claims ("RCFC") Rule 12(h)(3), if the Court determines at any stage during litigation
that it lacks subject-matter jurisdiction, the Court must dismiss the action.  RCFC 12(h)(3).

In addition, "[a] court may and should raise the question of its jurisdiction *sua sponte* at
any time it appears in doubt."  *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir.
1988).  Therefore, this Court reviews the complaint to determine whether it has jurisdiction to
prevent unnecessary waste of judicial and government resources.  This Court should not allow
any matter to proceed that alleges a basis for jurisdiction "'so attenuated and unsubstantial as to
be absolutely devoid of merit.'"  *Kroll v. Finnerty*, 242 F.3d 1359, 1362 (Fed. Cir. 2001)
(quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974))  Although this Court will make reasonable
inferences in favor of *pro se* plaintiffs, the burden of establishing this Court's jurisdiction by a
preponderance of the evidence still falls on plaintiff.  *Alder Terrace, Inc. v. United States*, 161
F.3d 1372, 1377 (Fed. Cir. 1998); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747-
48 (Fed. Cir. 1988).

## C.    Tucker Act

The Tucker Act waives the government's sovereign immunity for "money damages
claims against the federal government founded upon the Constitution, an act of Congress, a
regulation promulgated by an executive department, any express or implied contract with the
United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort"
and defines this Court's jurisdiction.  28 U.S.C. § 1491 (2011).  However, the equitable powers
of this Court are limited to matters where such relief is "an incident of and collateral to [a money
judgment]."  *See id.* § 1491(a)(2)-(b) (defining this Court's jurisdiction and not granting
equitable powers).   In that regard, the United States Court of Federal Claims is a court of limited
jurisdiction and the Court "possess[es] only that power authorized by [the] Constitution and
statute. . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Tucker
Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable
against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon
[the United States Court of Federal Claims] whenever the substantive right exists." *United States
v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead a
claim founded upon an independent contractual relationship, Constitutional provision, federal

statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages."). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "'can fairly be interpreted as mandating compensation by the Federal Government[.]'"[3] *Testan*, 424 U.S. at 400 (citation omitted).

**D.    28 U.S.C. § 1500**

Pursuant to title 28, United States Code, section 1500, the United States Court of Federal Claims does not have jurisdiction over a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1727 (2011). "[T]he purpose of § 1500 is to prevent the United States from facing liability involving the same subject matter at the same time in separate fora." *Nextec Applications, Inc. v. United States*, 114 Fed. Cl. 532, 538 (2014). To determine whether section 1500 applies to two suits brought by the same plaintiff, the Court must determine whether: (1) there is an earlier-filed suit pending in another court; and if so, (2) whether the claims alleged in the earlier filed suit are "for or in respect to" the same claims now being brought in the United States Court of Federal Claims. *See Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013). An earlier filed suit is considered "pending" within the meaning of § 1500 based on the time the complaint is filed with the United States Court of Federal Claims. *Brandt*, 710 F.3d at 1375. In addition, two claims are "for or in respect to the same claim" under section 1500 "if they are based on substantially the same operative facts, regardless of the relief sought in each

---

[3] In *Ontario Power Generation, Inc. v. United States*, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims that could provide Tucker Act jurisdiction: (1) "claims alleging the existence of a contract between the plaintiff and the government"; (2) "claims where 'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum'"; and (3) claims where money has not been paid, but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury. 369 F.3d 1298, 1301(Fed. Cir. 2004) (citations omitted).

suit." *Tohono*, 131 S. Ct. at 1731.  If section 1500 applies, the Court must invoke RCFC

12(h)(3) and dismiss the case for lack of jurisdiction.  *Id.*

**IV.    DISCUSSION**

     **A.    The Court Does Not Possess Jurisdiction to Consider Plaintiff's Claims**
           **Against State Entities**

       To the extent that plaintiff is asserting claims against the State Bar of Texas and/or any

other state or private entities, this Court does not possess jurisdiction to consider her claims.

The United States Supreme Court has held, that for suits filed in the United States Court of

Federal Claims and its predecessor, that "if the relief sought is against others than the United

States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States

v. Sherwood*, 312 U.S. 584, 588 (1941) (citation omitted).  And so, "the *only* proper defendant

for any matter before this court is the United States, not its officers, nor any other individual."

*Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see also Sherwood*, 312 U.S. at 588.

       In her complaint, plaintiff appears to seek monetary damages and other relief from the

State Bar of Texas for an alleged breach of contract involving her law practice and the

suspension of her law license.  Compl. at 12-14.  Plaintiff does not assert any claims against the

United States in her complaint.  *See generally*, Complaint.  This Court does not have jurisdiction

over plaintiff's grievances against the State Bar of Texas.  *See Souders v. S.C. Pub. Serv. Auth.*,

497 F.3d 1303, 1308 (Fed. Cir. 2007);  *see also Reid v. United States*, 95 Fed. Cl. 243, 248

(2010) (The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming

states, localities, state government agencies, local government agencies, and private individuals

and entities as defendants.); *Woodson v. United States,* 89 Fed. Cl. 640, 649 (2009) (citing

*Shaihoub v. United States*, 75 Fed. Cl. 584, 585 (2007)).  And so, the Court must dismiss

plaintiff's claims.

     **B.    Plaintiff's Claims are Precluded by 28 U.S.C. § 1500**

       To the extent that plaintiff's complaint can be construed to assert claims against the

United States or its agents, her claims are also jurisdictionally barred, because plaintiff had a

similar action pending in the United States District Court for the Northern District of Texas at the

time that she commenced this action.  Pursuant to  28 U.S.C. § 1500, this Court is jurisdictionally

barred from considering any matter that a plaintiff also has pending in another case against the

United States or its agents when the claims are for, or in respect to, the same claims.  28 U.S.C. § 1500.  There are two inquiries required to determine the applicability of section 1500:  First, "whether there is an earlier-filed 'suit or process' pending in another court against either the United States or any person acting or professing to act on behalf of the United States with respect to the 'cause of action alleged' in that earlier-filed suit or process."  *Ensign-Bickford v. United States*, 118 Fed.Cl 363, 368 (2014) (quoting *Brandt*, 710 F.3d at 1374).  Second, if there is such a pending suit or process, "whether the claims asserted in the earlier case are 'for or in respect to' the same claims(s) asserted in the later-filed Court of federal claims action."  *Brandt*, 710 F.3d at 1374.  For these purposes, the "pending" requirement is determined at the time the complaint is filed with this Court.  *Id.* at 1375.  And so, a plaintiff's complaints are considered "for or in respect to the same claim," if they are both based upon substantially the same operative facts regardless of the relief sought in each case.  *Tohono*, 131 S. Ct. at 1731.

Here, plaintiff had an earlier-filed suit pending in the Northern District of Texas when she commenced this action.  On April 29, 2015, plaintiff filed a civil action in the United States District Court for the District of Delaware challenging, among other things, the suspension of her law license.  *See Chelsea L. Davis v. McKool Smith P.C., et al.*, No. 15-00341-(SLR (D. Del.).  On June 2, 2015, the United States District Court for the District of Delaware transferred that case to the United States District Court for the Northern District of Texas, where it is currently pending.  *Chelsea L. Davis v. McKool Smith P.C., et al,* No. 15-01907-N-BK (Transfer Order, dated June 2, 2015.).

The claims alleged in plaintiff's earlier-filed Texas case are "for or in respect to" the same claims now being brought in this Court.  Specifically, in both cases, plaintiff seeks to challenge the suspension of her law license in the State of Texas.  Moreover, while plaintiff's Texas case involves different legal theories, the operative factual allegations in that case are the same as the factual allegations alleged here.  In particular, plaintiff's complaint in this matter expressly incorporates the "background summary," "standing and open records," "theories of liability, including liability of common employer," and "causes of action," sections from her Texas complaint.  *See* Complaint at 4, 11-12.  In her complaint here and in Texas, plaintiff is "alleging that the same conduct gave rise to different claims based upon purportedly distinct legal theories."  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1165 (Fed. Cir. 2011).  Because the facts alleged here are identical to the facts alleged in plaintiff's case currently

pending before the United States District Court for the Northern District of Texas, this Court does not have jurisdiction to consider her claims. 28 U.S.C. § 1500.

## V. CONCLUSION

Because the Court does not have jurisdiction to consider plaintiff's claims against the State of Texas, the Court must dismiss her complaint. Dismissal of plaintiff's claims is also warranted because plaintiff had a similar action to this matter pending in the United States District Court for the Northern District of Texas at the time that she commenced this action.

For the foregoing reasons, the Court **DISMISSES** plaintiff's complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint. No costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge